**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GAIL SHIREY** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **SECTION:** |
| | * | |
| **WYNDHAM HOTELS AND RESORTS,** | * | **JUDGE:** |
| **LLC, OM CAPITAL NOLA, LLC,** | * | |
| **HOTEL EQUITIES GROUP, LLC,** | * | **MAG. JUDGE:** |
| **and** | * | |
| **THE HANOVER INSURANCE GROUP** | * | |

****************************************************************************

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes petitioner, GAIL SHIREY, of the full age of majority, who respectfully represents as follows:

I.

Made defendants herein are:

A. **WYNDHAM HOTELS AND RESORTS, LLC,** a foreign company authorized to do and doing business in the State of Louisiana;

B. **OM CAPITAL NOLA, LLC,** a foreign company authorized to do and doing business in the State of Louisiana;

C. **HOTEL EQUITIES GROUP, LLC,** a foreign company authorized to do and doing business in the State of Louisiana; and

D. **THE HANOVER INSURANCE GROUP**, a foreign insurance company authorized to do and doing business in the State of Louisiana.

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity as to all properly joined parties, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

III.

Petitioner, **GAIL SHIREY**, is a domiciliary of the state of Maryland, residing in Calvert County, the city of Dunkirk, and is a citizen of the state of Maryland for diversity purposes.

IV.

Upon information and belief, defendant, **WYNDHAM HOTELS AND RESORTS, LLC,** is incorporated in New Jersey, with its principal place of business in New Jersey, and is a citizen of the state of New Jersey for diversity purposes. 28 U.S.C. § 1332 (c)(1).

V.

Upon information and belief, defendant, **OM CAPITAL NOLA, LLC,** is incorporated in Florida, with its principal place of business in Florida, and is a citizen of the state of Florida for diversity purposes. 28 U.S.C. § 1332 (c)(1).

VI.

Upon information and belief, defendant, **HOTEL EQUITIES GROUP, LLC,** is incorporated in Georgia, with its principal place of business in Georgia, and is a citizen of the state of Georgia for diversity purposes. 28 U.S.C. § 1332 (c)(1).

VII.

Upon information and belief, defendant, **THE HANOVER INSURANCE GROUP,** is incorporated in Massachusetts, with its principal place of business in Massachusetts, and is a citizen

of the state of Massachusetts for diversity purposes. 28 U.S.C. § 1332 (c)(1).

VIII.

Petitioner, **GAIL SHIREY**, has incurred past medical expenses in excess of $25,000.00 and lost wages in excess of $23,000.00.

IX.

Petitioner, **GAIL SHIREY**, has sustained severe injuries including, but not limited to, left traumatic rupture of the ligament (scapholunate tear) of her left wrist, and two chipped teeth, requiring extensive treatment.

X.

Petitioner, **GAIL SHIREY**, has undergone a modified Brunelli tri-ligament tenodesis reconstruction surgery for scapholunate dissociation, which failed, and which required surgery for removal of a deep buried implant from her left hand. Petitioner has also been advised that she will require additional surgical interventions.

XI.

The defendants are justly and truly liable, jointly, severally and in solido, to the petitioner for damages, injuries, and losses which she sustained, together with legal interest from the date of judicial demand and costs of these proceedings, for the following reasons to wit:

XII.

This matter arises out of a slip and fall accident that occurred on or about the 27th day of December, 2015, in the Parish of Jefferson, State of Louisiana.

XIII.

Petitioner, **GAIL SHIREY**, was employed by American Airlines and during a layover at the

MSY airport, she and three other flight attendants were checked into The Wyndham Garden Hotel, located at 1601 Veterans Memorial Blvd., Metairie, Louisiana 70003. As your petitioner was walking to the elevator, she tripped/slipped and fell on a floor transition strip located in the middle of the walkway. Further, the flooring around the transition strip was wet.

XIV.

As a result of this slip and fall, petitioner GAIL SHIREY sustained severe and disabling injuries, including but not limited to personal injuries to her left wrist, left arm, left shoulder, teeth and other parts of her body which have caused and will continue to cause petitioner great pain, physical suffering and mental suffering, and which have required and will continue to require medical care.

XV.

Petitioner GAIL SHIREY itemizes the damages which she is legally entitled to recover from the defendants as follows:

A. Pain and suffering; past, present and future;

B. Loss of enjoyment of life;

C. Permanent disability, disfigurement and scarring;

D. Medical expenses, past and future;

E. Mental anguish and emotional distress;

F. Lost wages, past and future; and

G. Any and all other damages which she may prove at trial.

XVI.

Upon information and belief, at all times material hereto, the Wyndham Garden, located at

1601 Veterans Memorial Blvd., Metairie, Louisiana 70003 was owned and operated by **WYNDHAM HOTELS AND RESORTS**, **LLC** and/or **OM CAPITAL NOLA, LLC**.

XVII.

At all times material hereto, defendant, **HOTEL EQUITIES GROUP, LLC**, had a contract to manage and/or oversee renovations and daily operations in place with **OM CAPITAL NOLA, LLC**, and as such, had care, custody and control over the Wyndham Garden Hotel, located at 1601 Veterans Memorial Blvd., Metairie, Louisiana, 70003.

XVIII.

At the time of the accident sued upon, there was, in full force and effect, a policy of liability insurance issued by defendant, **THE HANOVER INSURANCE GROUP**, to and in favor of the defendant, **HOTEL EQUITIES GROUP, LLC**, which policy provides coverage for the accident sued on herein, and which inures to the benefit of petitioner. Petitioner is thereby entitled to maintain this direct action and, thereby, also renders said insurer liable, in solido, with the other defendants sued herein.

XIX.

Your petitioner, GAIL SHIREY, avers that the sole and proximate cause of the accident was the negligence of the defendants in the following non-exclusive respects:

1. In allowing a dangerous and/or hazardous condition to exist on the premises;
2. In failing to warn patrons of a dangerous condition which they knew or should have known existed;
3. In allowing a spill to remain uncovered and unsupervised in an area which they knew or should have known would be highly traveled by patrons;
4. In failing to maintain the property so as to render it safe for patrons; and

5. Any and all other acts of negligence, which may be revealed upon the trial of this matter, all of which acts are contrary to the law of the state of Louisiana, and are pled herein as if copied in extenso.

XX.

Petitioner prays for trial by jury.

WHEREFORE, petitioner, **GAIL SHIREY**, prays that, after due proceedings are had, there be judgment in her favor and against the defendants, **WYNDHAM HOTELS AND RESORTS, LLC**, **OM CAPITAL NOLA, LLC.**, **HOTEL EQUITIES GROUP, LLC** and **THE HANOVER INSURANCE GROUP**, in solido, for damages that are reasonable in the premises together with legal interest thereon from the date of judicial demand, for all costs of these proceedings and for all general and equitable relief deemed proper by this Honorable Court. Petitioner further prays for trial by jury and all other general and equitable relief.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

Jack E. Truitt, Esq.

JACK E. TRUITT, BAR NO. 18476, T.A.
PAMELA S. CHEHARDY CROFT, BAR NO.23562
AMBER L. MITCHELL, BAR NO. 28846
PETER M. GAHAGAN, BAR NO. 33137
149 North New Hampshire Street
Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Gail Shirey

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on November 18, 2016.

Jack E. Truitt, Esq.